1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARLOS BURNETT,

11            Petitioner,                    No. CIV S-01-0481 JAM DAD P

12       vs.

13   KEN CLARK, Warden,

14            Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner is a state prisoner proceeding through appointed counsel with an

17   amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On March 24, 2008,

18   respondent filed a motion to dismiss the petition on the grounds that it contains unexhausted

19   claims and that claims one and five therein are untimely amendments.  On April 11, 2008,

20   petitioner filed an opposition to the motion to dismiss.  On April 18, 2008, respondent filed a

21   reply.  On April 25, 2008, the undersigned heard oral arguments on this matter.

22                              **BACKGROUND**

23            Petitioner challenges a judgment of conviction entered in the Sacramento County

24   Superior Court on April 10, 1997.  (Am. Pet. at 1; Resp't's Mot. to Dismiss filed Oct. 4, 2002,

25   Ex. A.)  A jury convicted petitioner of first-degree murder and attempted murder with a special-

26   circumstance finding of discharging a firearm from a motor vehicle, along with an enhancement

1  for personal use of a firearm.  (Am. Pet. at 1-2; Resp't's Mot. to Dismiss filed Oct. 4, 2002, Ex.

2  A.)  The trial court sentenced petitioner to a determinate prison term of twelve years and four

3  months, plus a consecutive life term of imprisonment without the possibility of parole.  (Am. Pet.

4  at 1.)  On June 30, 1998, the California Court of Appeal for the Third Appellate District affirmed

5  petitioner's conviction.  (Id. at 2; Resp't's Mot. to Dismiss filed Oct. 4, 2002, Ex. C.)  On

6  September 23, 1998, the California Supreme Court denied petitioner's petition for review.  (Am.

7  Pet. at 3; Resp't's Mot. to Dismiss filed Oct. 4, 2002, Ex. E.)

8           On October 13, 1999, petitioner filed a petition for writ of habeas corpus with the

9  Sacramento County Superior Court.  (Am. Pet. at 4.)  On November 3, 1999, the court denied the

10  petition, citing the decisions in In re Swain, 34 Cal. 2d 300, 303-04 (1949) and In re Harris, 5

11  Cal. 4th 813, 827 n.5 (1993).  (Id.; Resp't's Mot. to Dismiss filed Oct. 4, 2002, Ex. F.)  On

12  November 29, 1999, petitioner filed a petition for writ of habeas corpus in the California Court of

13  Appeal for the Third Appellate District.  (Am. Pet. at 4.)  On December 2, 1999, that court

14  summarily denied the petition.  (Id. at 5; Resp't's Mot. to Dismiss filed Oct. 4, 2002, Ex. G.)  On

15  March 13, 2000, petitioner filed a petition for writ of habeas corpus with the California Supreme

16  Court.  (Am. Pet. at 5; Resp't's Mot. to Dismiss filed Oct. 4, 2002, Ex. H.)  On June 28, 2000,

17  the court summarily denied the petition.  (Am. Pet. at 6; Resp't's Mot. to Dismiss filed Oct. 4,

18  2002, Ex. H.)

19           On March 9, 2001, petitioner filed his original petition for writ of habeas corpus

20  in this court and on March 15, 2001, the undersigned appointed the Federal Defender to represent

21  him.  On September 5, 2002, petitioner filed a motion to stay the proceedings pending exhaustion

22  of newly-identified claims.  On October 4, 2002, respondent filed a counter-motion to dismiss

23  the petition as untimely.  On May 27, 2003, the undersigned recommended granting petitioner's

24  motion for stay and abeyance and denying respondent's motion to dismiss.  On June 19, 2003,

25  the assigned district judge adopted the findings and recommendations in full.  The case was

26  stayed and administratively closed.  On January 16, 2008, petitioner filed a request to lift the

1   stay, noting that after investigation, research, and analysis, petitioner's counsel decided not to

2   return to state court.  Petitioner also filed an amended petition at that time.

3   **PETITIONER'S AMENDED PETITION**

4   Petitioner raises five grounds for relief in his amended petition:

5   **GROUND ONE:** The conviction must be reversed due to a
6   violation of Petitioner's Sixth Amendment Right to the effective
    assistance of trial counsel because counsel failed to withdraw from
7   the case.

\* \* \*

8
9   **GROUND TWO:** The conviction must be reversed due to a
    violation of Petitioner's Sixth Amendment Right to effective
    assistance of trial counsel because counsel failed to have Mr.
10  Burnett examined for competence to stand trial.

11  \* \* \*

12  **GROUND THREE:** The conviction must be reversed due to a
    violation of Petitioner's Sixth Amendment Right to the effective
13  assistance of trial counsel because counsel failed to investigate and
    pursue mental health defenses.

14  \* \* \*

15
16  **GROUND FOUR:**  The conviction must be reversed due to a
    violation of Petitioner's Sixth Amendment Right to the effective
    assistance of trial counsel because counsel failed to move for
17  suppression of the videotape of Mr. Burnett's interrogation on the
    ground that Mr. Burnett was not given *Miranda* warnings.

18  \* \* \*

19
20  **GROUND FIVE:**  The conviction must be reversed due to a
    violation of Petitioner's Sixth Amendment Right to the effective
    assistance of trial counsel because counsel failed to challenge
21  admission of testimony regarding the results of a photo line-up.

22  (Am. Pet at 7-9 .)

23  **RESPONDENT'S MOTION TO DISMISS**

24  I.  Respondent's Motion

25  Respondent argues that the amended petition before the court is unexhausted for

26  two reasons.  (Resp't's Mot. to Dismiss at 3.)  First, respondent argues that the state courts

3

1  denied petitioner's habeas petition on the ground of lack of particularity.  (Resp't's Mot. to

2  Dismiss at 3.)  Specifically, in the only reasoned state court decision the Sacramento County

3  Superior Court denied state habeas relief citing the decisions in In re Swain and In re Harris.  (Id.

4  at 4.)  Respondent maintains the Superior Court did not deny the petition on the merits and was

5  not provided the opportunity to consider petitioner's current claims because they were not fairly

6  presented.  (Id. at 5.)  Second, respondent argues that grounds one and five of petitioner's

7  amended petition are wholly new claims that were not presented to the highest state court.  (Id. at

8  14-15.)

9        In addition, respondent argues that grounds one and five in the amended petition

10  are untimely amendments and should be stricken.  (Resp't's Mot. to Dismiss at 16.)  Specifically,

11  respondent contends that the one-year statute of limitations for filing a federal petition with

12  respect to these claims has long since expired, and that neither grounds one nor five for relief are

13  "tied to a common core of operative facts" or related to "occurrences" set forth in the original

14  petition filed by petitioner in this action.  (Id.)  Therefore, respondents argue, grounds one and

15  five cannot be deemed timely presented under the relation back doctrine.

16        Respondent concludes that because petitioner's claims are not exhausted and are

17  all now time-barred, the court should grant no further stays and habeas action should be

18  dismissed with prejudice.  (Resp't's Mot. to Dismiss at 16.)

19  II.  Petitioner's Opposition

20        In opposition to the motion to dismiss, counsel for petitioner argues that while

21  proceeding pro se in state court, petitioner exhausted each of the five claims now presented in his

22  amended petition.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1.)  Specifically, petitioner

23  explains that each of his present claims are based on his right to effective assistance of counsel

24  under the Sixth Amendment and that he put the California Supreme Court on notice of both his

25  reliance on the Sixth Amendment by making numerous references to it throughout his state

26  petition and by his listing of the acts or omissions by his trial counsel about which he

1  complained.  (Id. at 5.)  Petitioner argues that a claim can be exhausted for federal habeas

2  purposes even if the state court elected to reject it on procedural grounds.  (Id. at 10-11.)

3        Petitioner also notes that his current claims one and five were included in his

4  original pro se petition, which this court has already deemed timely.  (Pet'r's Opp'n to Resp't's

5  Mot. to Dismiss at 2.)  Petitioner contends that in his original pro se petition, he presented his

6  federal claims by incorporating copies of his state habeas filings.  (Id. at 11.)  Therefore,

7  petitioner argues, his original federal petition was substantially identical to the pro se petition he

8  filed in the California Supreme Court and the claims contained therein, including current claims

9  one and five, were clearly exhausted.  (Id. at 11.)  Counsel for petitioner contends that although

10 inartfully pled, each of petitioner's current claims were fairly presented to the California

11 Supreme Court and then duplicated in the petition now before this court.

12       Petitioner concludes that respondent's motion to dismiss should be denied.

13 (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 12.)

14 III.  Respondent's Reply

15       In reply, respondent reiterates that the state court denied petitioner's application

16 on the grounds that he did not present his claims with sufficient particularity and available

17 documentary support.  (Resp't's Reply at 1.)  Respondent also repeats his argument that because

18 petitioner's claims were not "incapable of being alleged with greater particularity" in state court,

19 they were not fairly presented to the state courts and are unexhausted  (Id. at 2-9.)  Respondent

20 repeats his alternative argument that even if petitioner's other claims now before the court are

21 deemed exhausted, that claims one and five should be stricken because petitioner did not present

22 either of them in his original petition filed in this court and they fail to "relate back" to any of the

23 other claims alleged in the original federal petition filed in this action.  (Id. at 2, 4-6 & 8-9.)

24 /////

25 /////

26 /////

**ANALYSIS**

I. <u>Petitioner's Claims Are Exhausted</u>

      A. <u>Legal Standards for Exhaustion of State Judicial Remedies</u>

State courts must have the first opportunity to decide a state prisoner's habeas corpus claims. <u>Rhines v. Weber</u>, 544 U.S. 269, 273-74 (2005) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982)). In general, a state prisoner's application for a writ of habeas corpus will not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. <u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999); <u>see also</u> <u>Bland v. California Department of Corrections</u>, 20 F.3d 1469, 1473 (9th Cir. 1994), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Schell v. Witek</u>, 218 F.3d 1017 (9th Cir. 2000). Thus, a claim is unexhausted where the petitioner did not fairly present the factual or legal basis for the claim to the state court. <u>See</u> <u>Picard v. Connor</u>, 404 U.S. at 275. "[I]t is not enough . . . that a somewhat similar state-law claim was made." <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982). As a rule, the "mere similarity of claims is insufficient to exhaust." <u>Duncan</u>, 513 U.S. at 365-66.

On the other hand, "new factual allegations do not ordinarily render a claim unexhausted." <u>Beatty v. Stewart</u>, 303 F.3d 975, 989 (9th Cir. 2002). A claim is unexhausted only if new factual allegations "fundamentally alter the legal claim already considered by the state courts." <u>Vasquez v. Hillery</u>, 474 U.S. 254, 260 (1986). <u>See</u> <u>also</u> <u>Beatty</u>, 303 F.3d at 989-90; <u>Weaver</u>, 197 F.3d at 364. It is not necessary that "<u>every piece of evidence</u>" supporting federal claims have been presented to the state court. <u>Chacon v. Wood</u>, 36 F.3d 1459, 1469 n.9

1    (9th Cir. 1994) (emphasis in original).  See also Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir.

2    2008).  Rather, the introduction of new evidence affects the fair presentation requirement only

3    when it "substantially improves the evidentiary basis" for petitioner's claims.  Aiken v. Spalding,

4    841 F.2d 881, 883 (9th Cir. 1988).  New factual allegations that are merely cumulative of those

5    presented to the state court do not transform the claim and thus do not require exhaustion.

6    Hillery v. Pulley, 533 F. Supp. 1189, 1200-02 (E.D. Cal. 1982), aff'd, 733 F.2d 644 (9th Cir.

7    1984), aff'd, 474 U.S. 254 (1986).  See also Weaver, 197 F.3d at 364 (acknowledging that

8    although the "precise factual predicate" for a claim had changed after the evidentiary hearing in

9    federal court, the claim remained rooted in the same incident and was therefore exhausted).

10           B.  Discussion

11           The Sacramento County Superior Court found that, although "disorganized,

12   repetitive , and vague," petitioner in his pro se petition filed in that court presented claims of

13   ineffective assistance of counsel, juror misconduct and a claim challenging the line-up procedure

14   used as impermissibly suggestive.  (Resp't's Mot. to Dismiss filed Oct. 4, 2002, Ex. F.)   In fact,

15   the Superior Court was able to identify nine specific acts or omissions by trial counsel alleged by

16   petitioner as part of his ineffective assistance claim.  (Id.)  In its very brief order, the Superior

17   Court first noted that with respect to his ineffective assistance of counsel claim it was petitioner's

18   burden to show that his trial counsel's performance was deficient and that his defense was

19   prejudiced by that deficient performance.  (Id. at 2.)  The Superior Court then concluded, without

20   explanation and despite its cogent description of the claims it had just engaged in, that

21   petitioner's claims were a "mixture of vague, conclusory, and contradictory allegations" and that

22   he therefore "failed to meet the requirements of both Swain and Harris."  (Id.)

23           Even assuming that respondent is correct that the Sacramento County Superior

24   Court denied petitioner's state habeas petition for failing to plead with sufficient particularity and

25   that the summary denials of his subsequent petitions to the California Court of Appeal and

26   California Supreme Court were based on that same grounds, that does not mean the petitioner

1   failed to exhaust his state court remedies.  See Kim v. Villalobos, 799 F.2d 1317, 1320 (9th Cir.

2   1986) ("The mere citation of In re Swain does not preclude [federal habeas] review.")  Upon

3   review of petitioner's petition to the California Supreme Court, the court finds that the California

4   Supreme Court was made aware of the operative facts underlying petitioner's claims as well as

5   the legal basis for petitioner's claims.  In this regard, petitioner included all that was required to

6   satisfy the federal courts' exhaustion requirement.  Picard, 404 U.S. at 278 ("the substance of a

7   federal habeas corpus claim must first be presented to the state courts."); see also Davis v. Silva,

8   511 F.3d 1005, 1011 (9th Cir. 2008) (pro se state habeas petition read generously, as precedent

9   demands, found to have fairly presented both the legal theory and operative facts to the

10  California Supreme Court thereby exhausting claims).

11          First, a comparison of the petition filed with the California Supreme Court by

12  petitioner and his federal petition reveals that he sufficiently articulated the facts underlying his

13  five ineffective assistance of counsel claims to the state high court.  In Ground One of his

14  amended federal petition, petitioner claims he received ineffective assistance of counsel because

15  his trial counsel failed to withdraw from the case.  In his pro se petition for writ of habeas corpus

16  filed before the California Supreme Court, petitioner likewise claimed that he received

17  "[i]ncompetent, inadequate, and ineffective 'Public Defender.'"  (Resp't's Mot. to Dismiss filed

18  Oct. 4, 2002, Ex. H at 3.)  In providing the California Supreme Court with the operative facts

19  supporting this claim, petitioner explained:

20          Defendant's Public Defender wanted to wait before going
            to trial but Defendant wanted to rush to trial because he was
21          sure that he would be found "not guilty."  Defendant's
            attorney should have withdrawn himself from the case on
22          the grounds of "incompetence" by not being able to
            effectively represent defendant.  Defendant's attorney spoke
23          of "no time to review jury instructions."

24  (Id.)

25          In Grounds Two and Three of his amended federal petition, petitioner claims he

26  received ineffective assistance of counsel because his trial counsel failed to have him examined

1  to determine his competence to stand trial and also failed to investigate and pursue available

2  mental health defenses to the charges.  In his petition for writ of habeas corpus filed in the

3  California Supreme Court, petitioner also claimed that his trial counsel had "[f]ailed to

4  administer defendant a 'mental test' (M'Naghten Test)."  (Resp't's Mot. to Dismiss filed Oct. 4,

5  2002, Ex. H at 3.)  In alleging the supporting facts underlying this claim, petitioner himself

6  explained to the state high court as follows:

7                Defendant's Public Defender should have filed a motion for
                    defendant to take a competence test: "wright-wrong" test or
8                M'Naghten Test, or both, or other.  Defendant did not understand
                    the seriousness nor the magnitude of his charges and the possible
9                outcome of being found guilty.

10  (Id.)

11          Ground Four of the amended petition before this court states petitioner's claim

12  that he received ineffective assistance of counsel when his trial counsel failed to move to

13  suppress the videotape of his interrogation on the ground that he was not given Miranda

14  warnings.  Likewise, in his pro se petition for writ of habeas corpus filed with the California

15  Supreme Court, petitioner claimed a "[v]iolation of defendant's 'Miranda Rights.'"  (Resp't's

16  Mot. to Dismiss filed Oct. 4, 2002, Ex. H at 3.)  With respect to the supporting facts underlying

17  this claim on the form petition approved by California courts, petitioner explained to the state

18  high court as follows:

19                Defendant was not timely instructed of his "Miranda Rights."  His
                    information to the police was due to coercive police tactics and
20                thus involuntarily given.  The introduction of defendant's taped
                    information at trial was reversible error.
21

22  (Id.)  In addition, in the additional pages attached to the form submitted to the California

23  Supreme Court, petitioner specifically argued that his trial counsel provided ineffective

24  assistance because he "never filed a motion to petition (sic) challenge video taped interrogation

25  nor statements[.]"  (Id., "Additional Facts and Points and Authorities" at 12. )

26  /////

1          Finally, in Ground Five of his amended federal petition, petitioner claims he

2    received ineffective assistance of counsel when his trial counsel failed to challenge admission of

3    testimony regarding the results of a photo line-up.  Similarly, in his petition for writ of habeas

4    corpus to the California Supreme Court, petitioner claimed "Bias (sic) photo line up instead of an

5    'in line motion' physical line up."  (Resp't's Mot. to Dismiss filed Oct. 4, 2002, Ex. H.)  In the

6    form petition calling for the supporting facts with respect to this claim, petitioner himself wrote:

7    "Defendant's Public Defender should have filed an 'in line motion' which is a physical line up

8    instead of allowing the use of the bias 'photo line up.'" (Id.)

9          Moreover, petitioner articulated in his summary of supporting cases and in the

10    memorandum of points and authorities attached to his pro se state petition that his claims being

11    presented to the state high court were based on the Sixth Amendment.  For example, petitioner

12    opened his memorandum of points and authorities with a citation to Strickland v. Washington,

13    466 U.S. 668 (1984), the United States Supreme Court's seminal decision dealing with

14    ineffective assistance of counsel under the Sixth Amendment.  Petitioner referred to the Sixth

15    Amendment guarantee and cases interpreting the Sixth Amendment throughout his pro se

16    petition.  Indeed, he specifically concluded his petition to the state high court by requesting relief

17    "on grounds of ineffective assistance of counsel."  (Resp't's Mot. to Dismiss filed Oct. 4, 2002,

18    Ex. H, "Additional Facts and Points and Authorities" at 21.)  Thus, petitioner clearly put the

19    California Supreme Court on notice that he was claiming that his Sixth Amendment right to

20    effective assistance of counsel had been violated by the same acts or omissions of counsel that he

21    complains of before this court.  See Davis, 511 F.3d at 1009 ("Bearing in mind that 'petitions

22    must be read in context and understood based on the particular words used,' and that 'pro se

23    petitions are held to a more lenient standard than counseled petitions,' we hold that Davis' state

24    habeas petition provided the state court with sufficient facts to apply the constitutional principle

25    upon which Davis relies.")

26    /////

Based on this court's review of petitioner's pro se petition that he submitted to the California Supreme Court, this court finds that the state high court was certainly given a fair opportunity to pass on each of petitioner's constitutional claims before he presented them to this federal court. Although in his pro se petition filed with the state high court petitioner may not have artfully pled his claims, that is not required. Having independently examined the petition filed with the California Supreme Court this court determines that the federal exhaustion standard of a "fair presentation" of all the claims has been met. See Kim, 799 F.2d at 1320; Smith v. Adams, No. Civ. S-07-1462 GEB EFB P, 2008 WL 3915979, *5 (E. D. Cal. Aug. 22, 2008).

Accordingly, for the reasons set forth above, the court concludes that petitioner has exhausted all of his claims.[1]

II. <u>Grounds One and Five are Not Untimely Amendments</u>

Respondent's argument that Grounds One and Five of petitioner's amended petition constitute untimely amendments is likewise unpersuasive. In his original pro se federal petition, petitioner did not present his claims on the court's form petition. Rather, in the space

---

[1] Respondent has also noted that upon appointing counsel to represent petitioner in these proceedings, counsel moved for a stay and abeyance which was granted. Respondent suggests that petitioner failed to take advantage of that opportunity to exhaust his claims but instead elected not to return to state court and merely filed an amended petition in this court clarifying his claims. As indicated at the hearing on this motion, the court finds this argument misplaced. In moving for stay and abeyance, counsel for petitioner never suggested that the claims in the original pro se federal petition might be unexhausted. Petitioner and his counsel have always maintained that those original claims were properly exhausted by the pro se petitions filed in state court. Rather, petitioner's counsel sought a stay to return to state court to exhaust completely new and unrelated claims. After the stay was granted, petitioner and his counsel made the decision not to pursue those new claims and thus asked that the stay be lifted and that this action proceed on the amended petition prepared by counsel. Moreover, there was good reason not to present claims petitioner believed were already exhausted to the state courts again, because to do so would have run the risk of the state courts finding the claims procedurally barred, thereby possibly precluding their review by the federal courts. Of course, as the United States Supreme Court has recognized, the exhaustion requirement is not meant to "trap the unwary pro se prisoner." Slack v. McDaniel, 529 U.S. 473, 487 (2000). See also Davis v. Silva, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008); Smith v. Adams, No. Civ. S-07-1462 GEB EFB P, 2008 WL 3915979, *5 (E. D. Cal. Aug. 22, 2008).

1   provided to elaborate on his grounds for relief and supporting facts, petitioner wrote "Ineffective

2   Assistance Of Counsel And Grant Reversal" and asked the court to see his attachment,

3   specifically "Petition No. S086656." Petition No. S086656 clearly referred to the petition for

4   writ of habeas corpus he had filed in the California Supreme Court which was attached to his

5   federal petition. Although petitioner is now proceeding with appointed counsel in this action and

6   counsel, not surprisingly, has articulated petitioner's claims in the amended petition in a more

7   clear and thoughtful way, the claims presented are in substance the same as both those in the

8   original pro se federal petition and in the pro se petition filed with the California Supreme Court.

9   Counsel's articulation of petitioner's claims did not fundamentally alter those claims, which have

10  already been considered and rejected by the state courts, and thus does not render them either

11  unexhausted nor untimely amendments. See supra at 4-5 (and cases cited therein). Accordingly,

12  respondent's motion to dismiss or strike those claims should be denied.

13                              **CONCLUSION**

14              For the reasons set forth above, the court concludes that respondent's motion to

15  dismiss should be denied, and respondent should be directed to file an answer to petitioner's

16  amended petition. Therefore, IT IS HEREBY RECOMMENDED that:

17              1. Respondent's March 24, 2008 motion to dismiss (Doc. No. 106) be denied;

18  and

19              2. Respondent be directed to file an answer to petitioner's habeas petition within

20  sixty days. See Rule 4, Fed. R. Governing § 2254 Cases. Respondent's answer shall be

21  accompanied by all transcripts and other documents relevant to the issues presented in the

22  petition. See Rule 5, Fed. R. Governing § 2254 Cases.

23              These findings and recommendations are submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

25  days after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2008.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
burn0481.157

13